Entered on Docket
April 14, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: April 14, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                No. 09-41568 EDJ-7
                                     Chapter 7
CAROLINA CONTRERAS RYNDA,

                    Debtor./

### MEMORANDUM

The court has received from Carolina Contreras Rynda, the above-named debtor (the "debtor"), a motion to require Tevis T. Thompson, Jr., trustee in bankruptcy (the "trustee"), to sell her certain assets of the estate, and an application for an order shortening time for hearing thereon. The motion is grounded on an alleged agreement by the trustee to sell the debtor certain assets that are included in an auction sale scheduled to be conducted on April 14, 2010. The debtor also alleges certain procedural irregularities.

    Initially, the court is faced with an issue as to the debtor's standing. Normally, debtors, as such, do not have standing to object to sales (or compel sales) without a showing that the debtor

Memorandum

has a financial stake in the outcome. In re Fondiller, 707 F.2d 441 (9th Cir. 1983). Morever, disappointed buyers, as such, normally do not have standing to appeal confirmation of a sale. See In re O'Brien Environmental Agcy., 181 F.3d 527 (3d Cir. 1999); In re Colony Hill Associates, 111 F.3d 269, 273 (2d Cir. 1997). Here, the debtor has not shown that she has any standing.

Nevertheless, the court will assume for present purposes, without deciding, that the debtor has standing here. Even so, the debtor's motion must be denied on the merits (which renders moot the application for order shortening time). The court has reviewed the debtor's moving papers and sees no evidence of an agreement by the trustee to sell her any assets. Rather, the trustee sent a notice to creditors stating that the trustee intended (rather than contracted) to sell the debtor assets absent overbids.

More significantly, even if the debtor and trustee did enter into a contract of sale, the trustee would not be bound to sell the debtor any assets because the court has not entered any order approving the sale. Bankruptcy Code § 363(b)(1); In re Roth American, Inc., 975 F.2d 949 (3d Cir. 1992); Northview Motors, Inc. v. Chrysler Motors Corp., 186 F.3d 346 (3d Cir. 1999). Here, there is no such order.

In addition, the debtor has not presented any legal authorities for the doubtful proposition that specific performance, rather than a suit for breach and money damages, is an available remedy here. The court need not resolve this issue because it is clear that no enforceable contract of sale exists.

Memorandum 2

Finally, Fed. R. Bankr. P. 7001(7), requires that a "proceeding to obtain an injunction or other equitable relief," such as specific performance, must be commenced by adversary proceeding, rather than by motion.

For the foregoing reasons, the court will enter its order denying the debtor's motion to compel the trustee to sell her assets. This ruling, in turn, renders moot the debtor's motion for an order shortening time.

** END OF MEMORANDUM **

Memorandum 3

COURT SERVICE LIST

Raymond R. Miller
Raymond R. Miller, Attorney at Law
P.O. Box 2177
Castro Valley, CA 94546

Michael J. McQuaid
Carr, McClellan, Ingersoll et al
216 Park Rd.
P.O. Box 513
Burlingame, CA 94011-0513

Memorandum    4