Entered on Docket
June 01, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: June 01, 2011

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge



UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 09-41568 EDJ 7
                                         Chapter 7
CAROLINA CONTRERAS RYNDA,

_____Debtor./

## DECISION

Tevis T. Thompson, Jr., trustee in bankruptcy ("Thompson"), has moved for an order compelling Carolina Contreras Rynda, the above debtor ("Rynda"), to turnover to him the sum of $10,290. This amount represents the total of two tax refunds constituting property of the estate that Rynda collected after the filing of her bankruptcy case, and apparently spent. The court will grant Thompson's motion.

A.  Background

The facts necessary to decide the motion are undisputed. On February 27, 2009, Rynda filed her voluntary chapter 7 petition herein. At the date of the petition, Rynda had potential rights to collect California State and Federal income tax refunds, but she did

Decision

not schedule such rights in her Schedule B (Personal Property), nor did she claim such rights as exempt in her Schedule C (Property Claimed as Exempt).

Thereafter, Rynda applied for and received a $7,333 tax refund from the Internal Revenue Service, and a $2,957 tax refund from the California Franchise Tax Board. When Thompson discovered such, he made demand on Rynda for return of the monies or payment of $10,290. Rynda failed to comply, whereupon the present motion followed.

B. Discussion

Bankruptcy Code § 542(a) provides, subject to several exceptions not applicable here, that:

> an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Although courts disagree, most of the appellate courts that have addressed the issue have concluded that entry of a turnover order is appropriate if a debtor came into possession of funds of the estate after the filing of the petition, even if the debtor was no longer in possession of such funds at the time of a bankruptcy trustee's turnover motion. See, e.g., Matter of USA Diversified Products, Inc., 100 F.3d 53, 56 (7th Cir. 1996); In re Shearin, 224 F.3d 353, 356 (4th Cir. 2000); In re Bailey, 380 B.R. 486, 491-93 (6th Cir. BAP 2008). See also In re Golden, 789 F.2d 698, 701 (9th Cir. 1986); In re White, 389 B.R. 693, 704-05 (9th Cir. BAP 2008).

Decision 2

Contra In re Pyatt, 486 F.3d 423, 427-30 (8th Cir. 2007).

The courts that have so held have generally focused on the "during the case" and "or the value of such property" language in § 542(a).

Here, Rynda does not dispute that the tax refunds were property of the estate under Bankruptcy Code § 541(a), that she took possession of such funds after the filing of the petition, that she failed to turn them over to Thompson, and that they are not exempt.

Rather, Rynda argues that no one told her that Thompson would consider the refunds "property of the estate," (notwithstanding the fact that she has been represented by counsel from the outset of her bankruptcy case). She also argues that Thompson has unreasonably refused to accept certain settlement offers she has apparently made. Further, she argues that she should be entitled to setoff her costs in obtaining the refunds against any liability she may have to Thompson. None of these defenses, however, have any basis in law, and Rynda has cited none.

C. Conclusion

The court will issue its order granting Thompson's motion.

** END OF DECISION **

Case: 09-41568   Doc# 185   Filed: 06/01/11   Entered: 06/01/11 20:29:43   Page 3 of 4

COURT SERVICE LIST

Michael J. McQuaid
Carr, McClellan, Ingersoll et al
216 Park Rd.
P.O. Box 513
Burlingame, CA 94011-0513

Raymond R. Miller
Raymond R. Miller, Attorney at Law
P.O. Box 2177
Castro Valley, CA 94546

Decision 4